FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2005 MAY 26 PM 3: 58
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RONALD E. MOLTON, SR. and DANIEL DAVIS, JR. | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Case No. CV405-83 |
| AL ST. LAWRENCE and McARTHUR HOLMES, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

The instant 28 U.S.C. § 2254 petition was filed by petitioners in this Court on May 19, 2005, after being executed by petitioner on May 10, 2005. Doc. 1. Because it appears from the face of the petition that petitioners have failed to exhaust available state remedies, the Court recommends that the petition be DISMISSED without prejudice for failure to exhaust.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error before a federal court may consider the case. Id. at 843.

Here, petitioners state that they were convicted of an unnamed crime on an unnamed date after pleading not guilty and nolo contendere respectively. Petitioners did not appeal their convictions and did not file a state petition for writ of habeas corpus.

Petitioners therefore have deprived the state courts of fair opportunity to address their claims before bringing his petition to this Court. Accordingly, the Court recommends that the instant petition be DISMISSED without prejudice for failure to exhaust state remedies, so that petitioners may pursue the appropriate remedies in state court.[1] The Court also advises petitioners that once their state court remedies have been

---

[1] The Court advises petitioners that the filing of this premature federal habeas petition does not serve to toll the one-year statute of limitations for filing § 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Only "a properly filed application for State post-conviction or other collateral review" will toll the statute. 28 U.S.C. § 2244(d)(2).

exhausted, if they still wish to seek federal habeas corpus relief, they should each file their own separate petitions.

**SO REPORTED AND RECOMMENDED** this 26th day of May, 2005.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

# United States District Court
## Southern District of Georgia

RONALD E. MOLTON, SR., et al )

vs ) CASE NUMBER CV405-83

AL ST. LAWRENCE, et al ) DIVISION SAVANNAH

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated May 26, 2005, which is part of the official record of this case.

Date of Mailing: May 26, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Daniel Davis, #50085485, Chatham County Detention Center, 1050 CArl Griffin Dr., Savannah, GA 31405
Ronald E. Molton, X0009968, Chatham County Detention Center, 1050 Carl Griffin Drive, Savannah, GA 31405

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate